IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA FRANCES, INC., <br><br> Plaintiff, <br> v. <br> PENGUIN RANDOM HOUSE LLC, <br><br> Defendant. | Civil Action No. <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER** <br><br> **JURY TRIAL DEMANDED** |

The Court having considered the facts set forth in the Complaint, the Memorandum of Law in Support of Plaintiff Motion for a Temporary Restraining Order and Preliminary Injunction, and the accompanying Declaration of Danielle K. Muñoz with exhibits attached thereto; and

This matter having come before the Court on the Application of Plaintiff for a temporary restraining order ("TRO") and preliminary injunction pursuant to the Lanham Act, 15 U.S.C. §§ 1114(1), 1116, and 1125(a), N.Y. Gen. Bus. Law §§ 349, 350, 360-L, Rule 65 of the Federal Rules of Civil Procedure, and this Court's inherent equitable authority; and

The Court having found from the specific facts set forth in the above-mentioned materials sufficient proof that:

1.  Plaintiff Amanda Frances, Inc. ("AF Inc.") owns valid trademark rights in the designation Rich As F*ck in connection with financial advice books and related products and services.

2.  Plaintiff owns valid trade dress rights in the distinctive look and feel created by a combination of the following features, in connection with financial advice products and services: (1) the word "f*ck"; (2) the acronym AF; (3) the designation Rich As F*ck; and (4) images of a woman in creative poses surrounded by dollar bills ("AF Inc.'s Trade Dress").

3. Defendant Penguin Random House LLC ("Defendant" or "Penguin Random House") recently started offering for presale a book with essentially the same title, *Rich AF*, and marketing the book by copying core elements of AF Inc.'s Trade Dress, such as the term AF and photos of the book's author in nearly identical poses as Ms. Frances, surrounded by dollar bills.

4. Defendant has perpetuated confusion in the marketplace by deliberately selling and distributing a book that infringes AF Inc.'s trademark rights in Rich As F*ck and AF Inc.'s Trade Dress.

5. Defendant has perpetuated confusion in the marketplace by deceiving customers into believing that it is authorized to use AF Inc.'s trademark Rich As F*ck and AF Inc.'s Trade Dress in connection with its own *Rich AF* book.

6. Plaintiff is likely to succeed on the merits of its claims for federal unfair competition, trade dress infringement under the Lanham Act, New York State trade dress infringement and unfair competition, unfair trade practices under New York General Business Law § 349, unjust enrichment, and New York State trademark dilution.

7. Plaintiff has been irreparably harmed by virtue of the above.

8. Issuance of the requested temporary restraining order and preliminary injunction is in the public interest to protect consumers again confusion, deception, and mistake.

9. The harm to Plaintiff in denying the restraining order and preliminary injunction outweighs the harm to Defendant in granting it.

10. A temporary restraining order and preliminary injunction are necessary to achieve the purpose of the Lanham Act and the other statutory and common law rights under which Plaintiff's claims arise, to protect the public from confusion, deception, and mistake, and to

protect Plaintiff from immediate irreparable injury. No other order is adequate to achieve this purpose.

### TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED THAT** pending the hearing and determination of Plaintiff's application for a preliminary injunction, Defendant, Defendant's officers, owners, shareholders, board members, parents, subsidiaries, related companies, agents, and employees, and those persons in active concert or participation with Defendant or any of the foregoing individuals who receive notice directly or otherwise (collectively, the "Restrained Parties") are hereby:

A. Enjoined and restrained from marketing, promoting, offering for sale, selling, and distributing a book titled *Rich AF*.

B. Enjoined and restrained from marketing, promoting, offering for sale, selling, and distributing products or services that infringe AF Inc.'s Trade Dress.

C. Ordered to:

   a. Cease shipments of the *Rich AF* book based on presale orders that have been placed;

   b. Recall all copies of the *Rich AF* book that have already shipped;

   c. Destroy of all printed copies of the *Rich AF* book and remove electronic versions of the *Rich AF* book from all storefronts;

   d. Destroy, take down, remove from public display, and cease distributing all promotional materials related to the *Rich AF* book; and

   e. Remove all images that infringe AF Inc.'s Trade Dress from all websites, social media accounts, and publications.

## **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

**IT IS HEREBY FURTHER ORDERED THAT** Defendant, or its counsel, appear before this Court on_____ , 202__ at ____ a.m./p.m, to show cause why, pursuant to Fed. R. Civ. P. 65, Plaintiff should not be granted a preliminary injunction extending the terms of the temporary restraining order granted herein and set forth above during the pendency of this action.

## **SERVICE**

**IT IS FURTHER ORDERED THAT** delivery or transmission of this Court Filing and all supporting papers to Defendant, or its counsel, by email, Federal Express, or hand delivery be made on or before _____ , 2023 by ____a.m./p.m., and shall be deemed sufficient service upon them

**IT IS FURTHER ORDERED THAT** Defendant shall electronically file, via the Court's Electronic Case Filing (ECF) system, all answering papers, if any, on or before_____, 2023 by _____a.m./p.m., and that Plaintiff shall electronically file all reply papers, if any, on or before _____, 2023 by _____a.m./p.m. Defendant is hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance of a preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the injunctive relief provided in this Order. Defendant is hereby further notified that Defendant shall be deemed to have actual notice of the terms and issuance of such preliminary injunction, and that any act by Defendant in violation of any of its terms may be considered and prosecuted as contempt of the Court.

Dated: New York, New York
December ____, 2023                    ENTERED: _____

                                                                                                    UNITED STATES DISTRICT JUDGE